# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PATRICIA S. AGNEW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:05-0818 |
| | ) JUDGE TRAUGER/KNOWLES |
| | ) |
| | ) JURY DEMAND |
| | ) |
| LOWE'S COMPANIES, INC., and | ) |
| LOWE'S HOME CENTERS, INC., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendants' "Second Motion to Dismiss." Docket No. 20. Plaintiff has not filed a Response to the Motion.

Defendants previously filed a Motion to Dismiss arguing that Plaintiff had failed to appear for a properly-noticed deposition and that she had failed to contact Defendants' counsel to reschedule her deposition, despite two letters requesting that she do so. Docket No. 13. Plaintiff did not respond to that Motion.

On September 26, 2006, the undersigned entered an Order stating in part as follows:

> As Defendants properly argue, the Sixth Circuit has set forth a four factor test for determining whether a case should be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b) and/or failure to appear for a properly-noticed deposition under Fed. R. Civ. P. 37(d): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered

> before dismissal was ordered. *Regional Refuse Sys., Inc., v. Granger Sales, Inc.,* 842 F/2d 150, 155 (6th Cir. 1987).
>
> In the case at bar, Defendants have never sought "less drastic sanctions" than dismissal, and the Court has never considered them. Thus, it would be inappropriate to dismiss Plaintiffs case at this time.
>
> Pursuant to Fed. R. Civ. P. 37(d) and Fed. R. Civ. P. 37(b)(2), Plaintiff is ORDERED to give a deposition within thirty (30) days from the date of entry of this Order. Defendants' counsel may notice the deposition at their convenience. Plaintiff is specifically warned that if she fails to comply with this Order, the undersigned will recommend that this action be DISMISSED WITH PREJUDICE.

Docket No. 19.

The instant Motion argues that following the entry of the referenced Order, Defendants noticed Plaintiff for a deposition on October 26, 2006. Plaintiff did not appear for the deposition. She also did not call to provide notice that she would not be present, or to explain her absence, or to request another date.

It is clear that Plaintiff has failed to follow the Court's previous Order, and that Plaintiff has failed to prosecute this case. Thus, this action should be dismissed under the four factor test discussed above.

First, it is unclear whether Plaintiff's failure to appear for her deposition was due to willfulness, bad faith, or fault. It appears that the Order requiring Plaintiff to give her deposition was returned by the U.S. Postal Service. Docket No. 23. Nevertheless, Plaintiff must have realized that it was incumbent upon her to keep the Court and Defendants' counsel aware of her current address. She obviously has failed to do so.

Second, Defendants have been prejudiced by Plaintiff's failure to cooperate in discovery.

2

Defendants cannot prepare for the trial of this case without engaging in discovery.  Defendants plainly have the right, under the Federal Rules of Civil Procedure, to take Plaintiff's deposition.

Third, Plaintiff was warned that failure to cooperate could (and would) lead to dismissal.

Fourth, less drastic sanctions were imposed before dismissal was ordered.  Specifically, the Court entered its previous Order requiring Plaintiff to give a deposition within thirty (30) days from the date of entry of that Order.

For the foregoing reasons, the undersigned recommends that Defendants' "Second Motion to Dismiss" (Docket No. 20) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

The Motion also seeks an award of costs and attorneys fees Defendants incurred "in having to proceed with a second scheduled deposition." Fed. R. Civ. P. 37(d) provides in pertinent part as follows:

> In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure [of a party to attend her own deposition] unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Plaintiff has completely failed to respond, and the undersigned cannot find that her failure to appear was substantially justified.  Additionally, the undersigned does not believe that any other circumstances make an award of expenses unjust.  While Plaintiff is proceeding pro se, she has an obligation to comply with the Federal Rules of Civil Procedure.  Therefore, the undersigned recommends that Defendants' attorneys be awarded their reasonable expenses, including attorney's fees, for having to schedule a second deposition and obtain a second transcript.  Defendants' counsel shall file an Affidavit setting forth their fees and expenses

3

within fifteen (15) days of the entry of this Report and Recommendation.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                                                                            E. Clifton Knowles
                                                                                            United States Magistrate Judge